RENDERED: JANUARY 9, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0143-ME

K.E.J.-H.                                           APPELLANT

                     APPEAL FROM DAVIESS CIRCUIT COURT
v.                           FAMILY COURT DIVISION
               HONORABLE ANGELA THOMPSON, JUDGE
                  ACTION NO. 24-AD-00037

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; C.G.S.;[1] AND
R.J.S., A MINOR CHILD                            APPELLEES

AND

NO. 2025-CA-0145-ME

K.E.J.-H.                                           APPELLANT

                     APPEAL FROM DAVIESS CIRCUIT COURT
v.                           FAMILY COURT DIVISION
               HONORABLE ANGELA THOMPSON, JUDGE
                  ACTION NO. 24-AD-00038

---

[1] C.G.S. is the father of K.C.S. and R.J.S. He did not participate in the hearing for termination of parental rights despite being present at the courthouse on the date of the hearing and speaking with his attorney. His parental rights were also terminated, but he did not appeal.

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; C.G.S.; AND
K.C.S., A MINOR CHILD                                                    APPELLEES

AND

NO. 2025-CA-0146-ME

K.E.J.-H.                                                                       APPELLANT

APPEAL FROM DAVIESS CIRCUIT COURT
v.                          FAMILY COURT DIVISION
HONORABLE ANGELA THOMPSON, JUDGE
ACTION NO. 24-AD-00039

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; J.L.H., A
MINOR CHILD; AND UNKNOWN
FATHER                                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, L. JONES, AND LAMBERT, JUDGES.

JONES, L., JUDGE:  K. E. J.-H. (Mother) appeals the Daviess Family Court's

order terminating her parental rights to her minor children, J.L.H., K.C.S., and

R.J.S.  In accordance with *A.C. v. Cabinet for Health and Family Services*, 362

S.W.3d 361 (Ky. App. 2012), counsel for Mother filed an *Anders*[2] brief conceding that no meritorious assignment of error exists to present to this Court. Counsel accompanied the brief with a motion to withdraw, which was passed to this merits panel. We grant counsel's motion to withdraw by separate order and affirm the family court's order terminating Mother's parental rights.

The Cabinet for Health and Family Services (CHFS) filed separate petitions for dependency, neglect, or abuse (DNA) regarding the three children on December 13, 2022. At the time, Mother was staying in a hotel room with the children and had substance abuse issues. Temporary custody of the children was granted to CHFS. Mother developed a case plan with CHFS that required her to maintain mental health appointments; complete substance abuse and mental health assessments and follow all recommendations; participate in drug screens; maintain sobriety; maintain stable housing; and take all medications as prescribed.

Mother completed some aspects of her case plan, but continued to use marijuana regularly. She did not maintain stable employment or housing and was in and out of various shelters and treatment programs while the children remained in foster care. Mother did attend supervised visitations as scheduled. Although she did see a therapist, she eventually made the decision to stop attending therapy.

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

As a result of Mother's failure to making significant progress in her case plan, CHFS filed a motion to terminate her parental rights on May 23, 2024. A final hearing was held on December 9, 2024. In the month prior to the final hearing, Mother began taking medication for her mental health issues, but admitted she continued to self-medicate with marijuana. She was also unemployed and homeless on the date of the hearing and testified she had been staying with a friend. The family court ultimately terminated Mother's parental rights to her children. This appeal followed.

Mother's counsel filed an *Anders* brief in compliance with *A.C.*, *supra.* In *A.C.*, this Court adopted and applied the procedures identified in *Anders*, *supra*, regarding appeals from orders terminating parental rights where counsel cannot identify any nonfrivolous grounds to appeal. *A.C.*, 362 S.W.3d at 371. Those procedures require counsel to first engage in a thorough and good-faith review of the record. *Id.* "[I]f counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 364 (quoting *Anders*, 386 U.S. at 744).

The applicable standard of appellate review of findings by the family court in a termination of parental rights case is the clearly erroneous standard; thus, the findings of fact will not be set aside unless unsupported by substantial evidence. *M.L.C. v. Cabinet for Health and Fam. Servs.*, 411 S.W.3d

-4-

761, 765 (Ky. App. 2013); *see also* Kentucky Rule of Civil Procedure (CR) 52.01. A family court has broad discretion in determining whether the best interests of the child warrant termination of parental rights. *C.J.M. v. Cabinet for Health and Fam. Servs.*, 389 S.W.3d 155, 160 (Ky. App. 2012) (citation omitted).

Mother's counsel complied with the requirements of *A.C.* and *Anders* by providing Mother with a copy of the brief and informing Mother of her right to file a *pro se* brief raising any issues she found meritorious. *A.C.*, 362 S.W.3d at 371. Mother failed to file a *pro se* brief. Under *A.C.*, we analyzed the record, and now agree with counsel no grounds exist that would warrant disturbing the family court's order terminating Mother's parental rights.

Kentucky Revised Statute (KRS) 625.090 sets forth the requirements which must be met before a court in Kentucky can involuntarily terminate parental rights. First, the family court must determine that the child is abused or neglected or that the child was previously determined to be abused or neglected by a court of competent jurisdiction. KRS 625.090(1)(a). Second, a petition seeking the termination of parental rights must have been filed by CHFS pursuant to KRS 620.180 or 625.050. KRS 625.090(1)(b)1. Third, the family court must find that termination is in the best interests of the child. KRS 625.090(1)(c). Finally, the family court must find by clear and convincing evidence the existence of one or more of the eleven grounds (a) through (k) listed in KRS 625.090(2).

In accordance with KRS 695.090(1)(a)3., the family court found that the children were abused or neglected in accordance with KRS 600.020(1)(a) because Mother

> 3. Engages in a pattern of conduct that renders [her] incapable of caring for the immediate and ongoing needs of the child[ren], including but not limited to parental incapacity due to a substance use disorder as defined in KRS 222.005;
>
> 4. Continuously or repeatedly fails or refuses to provide essential parental care and protection for the child[ren], considering the age of the child[ren];
>
> . . . .
>
> 9. Fails to make sufficient progress toward identified goals as set forth in the court-approved case plan to allow for the safe return of the child[ren] to [Mother] that results in the child remaining committed to the cabinet and remaining in foster care for fifteen (15) cumulative months out of forty-eight (48) months[.]

These findings by the family court are supported by the record before us and we decline to disturb them. Mother admitted to ongoing use of illegal substances. She failed to maintain stable housing suitable for the children and failed to provide for their most basic needs. Further, the children were in foster care for seventeen months at the time the petition for termination of parental rights was filed by CHFS.

It is undisputed that the petition for termination of parental rights was filed by CHFS, therefore the requirement of KRS 625.090(1)(b)1. is satisfied.

-6-

The family court looked to KRS 625.090(3)(a)–(f) to determine whether termination was in the best interests of the children. The family court's analysis focused on Mother's ongoing mental health and substance abuse issues. Although Mother completed at least one program, she was dismissed from numerous others for failure to adhere to the program guidelines (*e.g.*, Mother admitted she was dismissed from Haven for Change in Bowling Green because she failed to sign up for therapy). Mother admitted to voluntarily stopping therapy appointments. Throughout the duration of the children's time in foster care, Mother has been in a rotation of shelters, treatment facilities, sober living facilities,[3] and was homeless at the time of the hearing. Mother testified she last had an apartment in 2018. She failed to consistently follow through on substance abuse and mental health treatment and admitted to ongoing substance abuse issues. She has failed to maintain employment. We discern no reason to disturb the family court's finding that termination of Mother's parental rights is in the best interest of the children.

Finally, the family court found the following grounds applied with respect to KRS 625.090(2):

> (e) That [Mother], for a period of not less than six (6) months, has continuously or repeatedly failed or refused

---

[3] For example, Mother and her case workers throughout the time the children have been in foster care testified that Mother had been in Pitino Shelter several times, Rosenwald treatment facility, Haven for Change, Sandy's House, and Commitment House.

to provide or has been substantially incapable of providing essential parental care and protection for the child[ren] and that there is no reasonable expectation of improvement in parental care and protection, considering the age[s] of the child[ren];

. . . .

(j) That the child[ren] [have] been in foster care under the responsibility of [CHFS] for fifteen (15) cumulative months out of forty-eight (48) months preceding the filing of the petition to terminate parental rights[.]

Because the family court was required to find only one applicable circumstance, we note that it is undisputed the children were in foster care for seventeen months prior to the filing of the petition for termination of Mother's parental rights, thereby satisfying KRS 625.090(2)(j).

Each of the statutory requirements for termination of Mother's parental rights were met and we will not disturb the findings of the family court, which are supported by the record. Mother failed to sufficiently address her ongoing substance abuse and mental health issues, as well as her prolonged housing instability.

Accordingly, the judgment of the Daviess Family Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Janelle R. Farley
Owensboro, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY CABINET FOR
HEALTH AND FAMILY
SERVICES:

Kevin Martz
Covington, Kentucky